

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROMAN RAFAEL ARREDONDO,

Petitioner-Appellant,

v.

ROB PERSSON,

Respondent-Appellee.

No.    15-35697

D.C. No. 6:13-cv-00431-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted October 4, 2016[**]
Portland, Oregon

Before:  CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

Oregon state prisoner Roman Arredondo was convicted by a jury of rape,

sexual abuse, contributing to the sexual delinquency of a minor, and furnishing

alcohol to a minor. At the close of trial, the prosecutor commented on Arredondo's

---

[*]        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

flippant demeanor during the victim's testimony, and defense counsel did not object. Arredondo filed a state habeas petition, arguing ineffective assistance of counsel based in part on his trial counsel's failure to object to the prosecution's remarks. The Oregon post-conviction court denied Arredondo's petition.

Arredondo then filed a *pro se* federal habeas petition under 28 U.S.C. § 2254. In his federal habeas petition, Arredondo claimed ineffective assistance of counsel based on a myriad of alleged deficiencies. The district court denied habeas relief, but issued a Certificate of Appealability as to the ineffective assistance claim based on trial counsel's failure to object to the closing remarks. Arredondo now appeals the district court's denial of his habeas petition. We affirm.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), we may grant relief only when a state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

1.      Arredondo argues ineffective assistance of counsel based on his trial attorney's decision not to object to the prosecutor's closing remarks.

To succeed on a claim of ineffective assistance, a habeas petitioner must prove that his "counsel's representation fell below an objective standard of reasonableness," and that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Where, as here, a state court has denied a *Strickland* claim on the merits, AEDPA's strictures impose an additional level of deference "that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 134 S. Ct. 10, 13 (2013) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)).

a.      The Oregon post-conviction court reasonably concluded, based on the record and on the law binding upon the Oregon trial court, that Arredondo's trial counsel reasonably thought that any objection to the prosecutor's comment would be meritless. *See Demirdjian v. Gipson*, No. 09-56453, —— F.3d ——, 2016 WL 4205938, at *9 (9th Cir. Aug. 10, 2016) ("[T]he state court could have concluded [trial counsel] reasonably thought any objection would be 'meritless' . . . ." (quoting *Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005))).

b.      The state court also reasonably concluded that Arredondo did not suffer unfair prejudice because the prosecutor's remarks were only one paragraph in a nineteen-page closing argument, and the trial judge advised the jury that

attorneys' statements and arguments are not evidence. *See Cunningham*, 704 F.3d at 1159 (finding no prejudice where the challenged "comments were a single paragraph of a twenty-page argument and the trial judge explained to the jury that closing arguments are not evidence"). Additionally, a significant amount of independent evidence supported the state's case, such that any detrimental effects from trial counsel's failure to object would not have swayed the outcome. *Featherstone v. Estelle*, 948 F.2d 1497, 1507 (9th Cir. 1991) (finding no prejudice from trial counsel's failure to object to an improper closing argument because "[a] substantial amount of other independent evidence pointed squarely at [defendant's] guilt, and the jury was properly advised that counsel's statements were merely argument, not evidence").

**AFFIRMED.**